**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Mark Geragos, Pro Hac Pending**
Of Trial Attorneys for Plaintiff
Geragos & Geragos
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017
geragos@geragos.com
Phone 213-625-3900

(full counsel information on signature page)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**J PODAWILTZ,** an Oregon consumer, individually and on behalf of all others similarly situated,

Plaintiff,

v.

**ROCKSTAR INC.**, a foreign corporation,

Defendant.

Case No. 3:17-cv-477

**CLASS ACTION ALLEGATION COMPLAINT**

Unlawful Trade Practices

28 U.S.C. § 1332

Demand for Jury Trial

1.

Like its eponymous name, Rockstar Inc. thinks it can get away with anything.

2.

The American public spends billions of dollars each year on canned energy coffee drinks.




3.

In a perfect world, companies like Starbucks, Monster, and Rockstar Inc. all compete fairly to produce the highest quality beverage at the lowest possible cost. But not every company competes fairly.

# TRUTH IN ADVERTISING?




**FALSE**

**Rockstar Inc.'s** can contains about 6% less beverage than advertised.




**TRUE**

**Starbucks's** can contains 100% of the beverage as advertised.




**TRUE**

**Monster's** can contains 100% of the beverage as advertised.

**Source:** Columbia Food Laboratories, Inc. March 24, 2017

4.

A recent study by a certified Portland food laboratory found that Rockstar Inc.'s energy coffee drink contains about 6% less beverage than the amount Rockstar Inc. advertises on its can. The lab studied similar energy coffee drinks from Starbucks and Monster and found that they contained 100% of the beverage as advertised on their cans. Multiple cans of Rockstar Inc.'s energy coffee drink purchased from various locations in Oregon over the course of several months labeled 473 mL all similarly contained about 6% less beverage than advertised.

5.

Rockstar Inc. knows that misleading the American public about the amount of beverage in its cans may be hardly noticeable to most average consumers. But on a large scale, Rockstar Inc.'s unfair business practice gives it an advantage over its competitors that choose to play by the rules.

6.

This national class action case seeks an injunction to stop Rockstar Inc. from continuing to misrepresent the amount of beverage in its energy coffee drink cans, and to make things right for all those who've been short-changed.

7.

## THE PARTIES IN THIS CASE

Rockstar Inc. is incorporated in the State of Nevada. In the regular course of its business, Rockstar Inc. is responsible for selling its energy coffee drink shown in Exhibit 1 attached to this complaint throughout Oregon.

8.

J Podawiltz (plaintiff) is an individual residing in Oregon. He purchased Rockstar Inc.'s energy coffee drink can shown in Exhibit 1 on January 18, 2017 at a convenient store in Portland, Oregon. His receipt is shown below.



Plaid Pantry

Store #29 Wed 1/18/2017
#1-000003337249 3:25:15 PM
Associate: Tatton B.

2 Rckstr Mcha EACH 4.00 MF 1

Sub-Total 4.00
Total $4.00

Cash 4.00

9.

**JURISDICTION AND VENUE**

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy including actual, statutory, and punitive damages exceeds $75,000. Venue is proper under 28 U.S.C. § 1391 because the bulk of sales of Rockstar Inc.'s energy coffee drink cans in Oregon took place in Multnomah County. This complaint's allegations are based on personal knowledge as to plaintiff's conduct and made on information and belief as to the acts of others.

10.

**CLASS ALLEGATIONS**

The Oregon class consists of Oregon consumers who:

(a) after March 26, 2016,

(b) bought Rockstar Inc.'s product shown in Exhibit 1, and

(c) received a can that contained less beverage than the quantity advertised on the can.

11.

Excluded from the class are all attorneys for the class, officers and directors of Rockstar Inc., including officers and directors of any entity with an ownership interest in Rockstar Inc., any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

12.

The quantity of Rockstar Inc.'s energy coffee drink sales in Oregon can be determined based on Rockstar Inc.'s sales records, and based on the sales records and other customer data of Rockstar Inc.'s Oregon distributors and retailers, and based on claims forms and receipts from Oregon consumers.



Plaid Pantry

Store #228
#1-000000600144
Associate: Sarah N.

Wed 03/22/2017
7:19:06 PM

| Qty | Item | Amount |
|---|---|---|
| 4 | Rckstr Mcha EACH | 8.00 MF 1 |
| 2 | Strbcks DS M ECH | 4.50 MF 1 |
| 1 | Rckstr Hrch EACH | 2.00 MF 1 |

Sub-Total 14.50
Total $14.50

MasterCard 14.50

Thank you for using MasterCard!

AUTHCODE: 06183G
EXP. DATE:
ACCOUNT: XXXXXXXXXXXX3167
Invoice REF#:000193

EBT Balance:

13.

Many of the retail stores that sell Rockstar Inc.'s energy coffee drink cans shown in Exhibit 1 will be able to identify each credit or debit sales transaction by customer name, customer address, purchase date, and purchase price. For instance, the receipt above identifies the sales transaction based on the customer's MasterCard information, and specifically tracks the sales of Rockstar Inc.'s energy coffee drink by brand name and type, separate from Rockstar Inc.'s other products.

14.

Every consumer who purchased Rockstar Inc.'s product shown in Exhibit 1 suffered an actual ascertainable loss of the economic value of about 30 mL of missing beverage, and suffered an actual ascertainable loss of the difference between the value of the can they received that did not contain a full 473 mL of beverage, and the increased value that a can that contained a full 473 mL of beverage would have had.

15.

Rockstar Inc.'s product shown in Exhibit 1 violates the Oregon Unlawful Trade Practices Act ("UTPA") ORS 646.608(1)(e) because it represents that Rockstar Inc.'s energy coffee drink cans have a quantity of 473 mL of beverage that Rockstar Inc.'s energy coffee drink cans do not actually have. This UTPA violation is common to the Oregon class.

16.

The class is so numerous that joinder is impracticable. The size of the Oregon class is in the thousands, and will be determined based on sales records and other customer data from Rockstar Inc. and its Oregon distributors and retailers, and from claims forms and receipts from Oregon consumers.

17.

Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether Rockstar Inc. may lawfully advertise its energy coffee drink cans as containing 473 mL of beverage when in fact its cans contain less than 473 mL, whether under these facts, plaintiff and the Oregon class must prove reliance on Rockstar Inc.'s can advertisements, if so, whether reliance may be proved on a class-wide basis, whether plaintiff and the Oregon class members are entitled to equitable and injunctive relief, whether an injunction to prevent future harm is appropriate, whether Rockstar Inc. acted willfully, recklessly, knowingly, and or intentionally, whether plaintiff and the Oregon class members are entitled to recover actual damages or statutory damages or punitive damages from Rockstar Inc., and whether plaintiff and the Oregon class are entitled to recover fees and costs for Rockstar Inc.'s UTPA violation.

18.

Plaintiff's claims are typical of the claims of the Oregon class because each received a product that did not contain a full 473 mL of beverage as advertised, the injuries suffered by plaintiff and the Oregon class members differ only in the number of transactions per class member and purchase price per transaction, and plaintiff's claim for relief is based upon the same legal theories as are the claims of the other class members. Plaintiff will fairly and adequately protect and represent the interests of the class because his claim is typical of the claims of the Oregon class, he is represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the Oregon class.

19.

A class action is superior to other available methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members, as far as plaintiff knows, no class action that purports to include Oregon consumers suffering the same injury has been commenced, individual class members have little interest in controlling the litigation, due to

the high cost of individual actions, the relatively small amounts of damages suffered, and because plaintiff and his attorneys will vigorously pursue the claims. The forum is desirable because the bulk of sales of Rockstar Inc.'s product shown in Exhibit 1 in Oregon took place in Multnomah County. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small monetary damages, as a result of the same conduct by Rockstar Inc. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. Injunctive relief will prevent further ongoing harm to Oregon consumers, and the availability of Rockstar Inc.'s (and its Oregon distributors and retailers) sales records and customer data will facilitate proof of class claims, processing class claims, and distributions of any recoveries. To the extent Oregon consumers who purchased Rockstar Inc.'s product shown in Exhibit 1 cannot be located, their monies may be distributed through a cy pres process.

20.

**OREGON CLASS CLAIM FOR RELIEF**

**VIOLATION OF ORS 646.608**

Rockstar Inc. willfully, recklessly, knowingly and or intentionally violated ORS 646.608(1)(e) as alleged above, causing plaintiff and the Oregon class ascertainable losses. Rockstar Inc.

continues to misrepresent the amount of beverage in its energy coffee drink cans to this very day. Plaintiff seeks an injunction to stop Rockstar Inc.'s ongoing unlawful trade practices.

21.

Plaintiff and the Oregon class are also entitled to equitable relief in the form of an accounting, restitution, and unless agreed upon by Rockstar Inc., an order to preserve all documents and information (and electronically stored information) including sales records and customer data pertaining to this case. Plaintiff and the Oregon class are entitled to recover actual damages or $200 statutory damages, interest and fees and costs under ORS 646.638. Rockstar Inc.'s violation of the UTPA as alleged above was reckless, in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of the right of Oregon consumers to be free from unlawful trade practices. Plaintiff and the Oregon class are entitled to recover punitive damages under ORS 646.638.

22.

Plaintiff intends to amend this complaint to prosecute this claim on a nationwide basis.

23.

Demand for jury trial.

## PRAYER FOR RELIEF

Plaintiff seeks relief for himself and the proposed Oregon class as follows:

**A.** An injunction requiring Rockstar Inc. to stop selling its product shown in Exhibit 1 in violation of Oregon law,

**B.** Unless agreed upon by Rockstar Inc., an order to preserve all documents and information (and electronically stored information) including sales records and customer data pertaining to this case,

**C.** An order certifying this matter as a class action,

**D.** Judgment against Rockstar Inc. for actual, statutory, and punitive damages, interest, and reimbursement of fees and costs;

**E.** And other relief the court deems necessary.

March 26, 2017

**RESPECTFULLY FILED,**

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

(additional counsel on next page)

**Rex Daines, OSB No. 952442**
Of Attorneys for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
rdaines@olsendaines.com
Phone 503-362-9393

**Ben Meiselas, Pro Hac Pending**
Of Attorneys for Plaintiff
Geragos & Geragos
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017
meiselas@geragos.com
Phone 213-625-3900

**Robert Le, OSB No. 094167**
Of Attorneys for Plaintiff
rl@robertlelaw.com

**Kelly Jones, OSB No. 074217**
Of Attorneys for Plaintiff
kellydonovanjones@gmail.com

**PROOF OF MAILING**

Under ORS 646.638(2), I declare and certify that on the date below I caused a copy of this complaint to be mailed to the Oregon Attorney General at the following address:

**Ellen Rosenblum**
**Oregon Attorney General**
**Oregon Department of Justice**
**1162 Court Street NE**
**Salem, Oregon 97301-4096**

March 26, 2017

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570